McCALEB, Justice
(dissenting).
An analysis of the provisions of the contract of August 26, 1941, considered in connection with the original gas sales contract of September 14, 1939, between the City of Houma and S. M. Williams, Jr., defendant’s assignor, makes it plain to me that, whereas defendant had the right to discontinue serving Southdown Sugar Factory after a period of nine years had elapsed, it could not validly enter into a separate contract with Southdown for the sale of gas and thus compete with the City of Houma in the servicing of gas in that area, as long as the original contract was still effective.
The underlying error in the views of the trial judge, which the majority have adopted, stems, in my opinion, from a failure to appraise the force and effect of the original contract between the parties. This is reflected by the reasons for judgment, wherein it is stated:
“The Court has no doubt that Plaintiff has the legal right to serve the public outside of its corporate limits with natural gas, etc., but plaintiff is not the exclusive owner of that right to so sell and distribute natural gas outside its corporate limits, hence the Court is unable to follow Plaintiff’s argument that the motivating factor for the execution of the contract sued on, was the granting to Defendant the right to serve the Southdown Sugar Factory, a right which defendant already enjoyed”.
But the Gas Company did not have the right to serve Southdown independently of the concession granted it by plaintiff under the contracts on which the suit is founded. Indeed, it is stated in the contract of August 26, 1941 that the full consideration flowing from the City to the gas company is the construction of a gas pipeline by the City and its cession of its privilege (during the term of the contract) of entering into a gas sales contract with Realty Operators, Inc., the then owner of the Southdown Sugar Factory. That the City was to have the exclusive right to sell gas to South-down Sugar Factory and to other users in the surrounding areas is clearly evidenced by the original contract between the City and Williams, defendant’s assignor, it being stipulated in Article I, Section 5 of that contract that:
“It is agreed between the parties hereto that Buyer (the City) shall have the right to serve all classes of customers within the City of Houma and beyond its City limits, with the pro *185 vision that in event Buyer should be unable to serve beyond the City limits, Seller (Williams, and now Sugar Bowl) shall have the right to do so.” (Words in parentheses mine.)
Thus, a paramount privilege was vested in the City during the life of the contract and it was only in case the City was unable to provide the gas lines or other necessary facilities for the furnishing of gas service that the gas company was accorded the right to make separate service agreements. The original contract was for an initial term of 15 years, extending through September of 1954, and contains an option providing for a ten year further extension. It therefore follows that, unless the paramount right stipulated by the original contract can be said to have been completely revoked by the subsequent agreement of August 26, 1941, defendant was contractually prohibited from independently servicing the Southdown Factory until the termination of the former.
An examination of the agreement of August 26, 1941 discloses that it was never the intention of the parties to forever divest the City of the primary right accorded it by the first contract to service Southdown Sugar Factory. This agreement, in which the City granted to Sugar Bowl the privilege of making a separate gas contract with Realty Operators, which would be binding for not less than nine years, operated only as a temporary modification of the City’s paramount right to service Southdown Factory — that is, for the duration of that agreement. Article X of the agreement makes it abundantly clear that this was the aim of the parties. It provides:
"Nothing herein contained shall be construed as in any manner modifying, restricting, limiting, altering or abrogating the terms of the contract entered in^ by and between the City and S. N. Williams, Jr., on September 14, 1939, with particular reference to the City furnishing gas service outside its corporate limits, but the terms of said contract shall be considered suspended for the period of the within contract insofar only as they apply to furnishing gas service to Southdown Sugar Factory and the property of Realty Operators, Inc., south of Bayou LaCarpe”. (Italics mine.)
Accordingly, upon expiration of this contract in 1950, the rights and obligations of the parties reverted to and were governed by the 1939 contract. Since that contract vested in the City the paramount right to service the area surrounding its corporate limits, the Gas Company breached its agreement when it entered into a separate contract with Southdown Sugars and, in my opinion, should now be required to recompense the City for its damages.
I respectfully dissent.